IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SAMUEL SULLIVAN,

    Plaintiff,

v.                                            CASE NO. 1:15-cv-99-MW-GRJ

DEPARTMENT OF VETERANS
AFFAIRS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed a suit against the Department of Veterans Affairs ("DVA") in state court on April 17, 2015, alleging that an employee of the DVA provided incorrect information on his application for an ADA bus pass, causing his pass to be denied. Defendant removed the case to this Court on May 27, 2015. (ECF No. 1.)

On June 1, 2015, Defendant requested an extension of time to file an answer on the basis that Defendant had not yet been properly served. (ECF No. 3.) The Court granted Defendant's motion, advising that Defendant would not be required to answer until proper service of the Complaint was effectuated. (ECF No. 4.) The Court noted that Plaintiff was required to properly serve the complaint within 120 days.

On October 1, the Court issued an Order to Show Cause to the Plaintiff, advising Plaintiff that the 120 day deadline to serve the Complaint had passed and that Plaintiff within thirty days must either demonstrate that he had properly served Defendant or request an extension of time. The Court warned Plaintiff that failure to respond to the

Order would result in a recommendation that the case be dismissed for failure to timely serve the Defendant pursuant to Fed. R. Civ. P. 4(m).  As of the date of this Order, Plaintiff has not responded to the Court's directive to show cause, nor has he demonstrated that he has properly served the Defendant.

Fed. R. Civ. P 4(m) provides that "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff shall dismiss the action without prejudice as to that defendant or order that service be made within a specified time." Plaintiff's Complaint was removed to this Court on May 27, 2015, and the 120-day deadline has long since passed.

Accordingly, it is respectfully **RECOMMENDED** that the Court dismiss Plaintiff's claims against the Department of Veterans Affairs for failure to timely serve the Defendant pursuant to Fed. R. Civ. P. 4(m), and that the Court dismiss the case and close the file.

**IN CHAMBERS**, at Gainesville, Florida, this 5th day of November 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

*Case No: 1:15-cv-99-MW-GRJ*